## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JOHN KEVIN WATSON**                                                                     **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.: 3:21-cv-26-KHJ-MTP**

**MARY CAROLE BRAND WATSON**                                     **DEFENDANT**

### ORDER

THIS MATTER is before the Court on the State of Mississippi Ex. Rel. Attorney General Lynn Fitch's Motion for Leave to Intervene to Argue Constitutionality of Miss. Code Ann. § 93-5-2. *See* [3]. Having considered the Motion, the record, and the applicable law, the Court finds that the Motion [3] should be granted and that the State of Mississippi should be added to the lawsuit as an Intervenor for the limited purpose of arguing the constitutionality of Miss. Code Ann. § 93-5-2.

On December 3, 2020, Plaintiff John Kevin Watson filed a Complaint for Divorce against Defendant Mary Carole Brand Watson in the Chancery Court of Madison County Mississippi. *See* [3-1]. In Plaintiff's Complaint, Plaintiff argues that Mississippi's irreconcilable differences divorce statute is unconstitutional and "violates the Due Process Clause of the Fourteenth Amendment" to the extent that the statute requires both parties to consent to the divorce on that ground. *See* [3-1] at 2.

On January 19, 2021, the State of Mississippi ("the State") filed the instant Motion for Leave to Intervene, pursuant to Miss. Code Ann. § 7-5-1, Fed. R. Civ. P. 24(a), and 28 U.S.C. § 2403(b). The State asserts that Miss. Code Ann. § 7-5-1 "mandates that the State Attorney General 'shall intervene and argue the constitutionality of any statute when notified of a challenge thereto….'" *See* [3] at 2.

The State contacted both the Plaintiff and Defendant in regard to its Motion [3]. Defendant's counsel had no objection to the motion. *See* [3] at 3. Plaintiff's counsel advised that since the Plaintiff does not agree that this case should be removed to federal court, Plaintiff could not agree to the State's intervention. *Id*. However on January 27, 2021, Plaintiff filed a Response [6] asserting that, without waiving his Motion to Remand the case back to state court, he has no objection to the State intervening.

The State argues that the Fed. R. Civ. P. 24(a) provides that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute…." *Id*.; *see also* Fed. R. Civ. P. 24(a)(1). Federal law authorizes states to intervene in an action pending in federal court to defend the constitutionality of a state statute. *See* 28 U.S.C. §2403(b). In pertinent part the statute provides:

> (b) in any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of the law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b).

As the State is not a party to the proceeding and Plaintiff's Complaint questions the constitutionality of Mississippi's Irreconcilable Differences divorce statute which affects the public interest, the State is entitled to intervene "for argument on the question of constitutionality." *Id*.

IT IS, THEREFORE, ORDERED that the State of Mississippi ex rel. Attorney General Lynn Fitch's Motion for Leave to Intervene to Argue Constitutionality of Miss.

2

Code Ann. § 93-5-2 is GRANTED. The State of Mississippi shall be added as an Intervenor for the limited purpose of arguing the constitutionality of Miss. Code Ann. § 93-5-2.

    SO ORDERED this the 4th day of February, 2021.

                                s/Michael T. Parker
                                UNITED STATES MAGISTRATE JUDGE