UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN KEVIN WATSON                                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 3:21-CV-26-KHJ-MTP

MARY CAROLE BRAND WATSON                                        DEFENDANT

ORDER

This action is before the Court on Plaintiff John Kevin Watson's Motion to Remand [4]. For these reasons, the Court denies the motion.

I. Background and Procedural History

This case arises out of a years-long divorce dispute between Plaintiff John Kevin Watson and Defendant Mary Carole Brand Watson. Throughout this dispute, Mr. Watson has filed several unsuccessful divorce petitions seeking either a fault-based or irreconcilable differences divorce from Mrs. Watson. *See* Mot. to Remand [4-1]; [4-2]; [4-3]; [4-4]; [4-5]. In these previous petitions, Mr. Watson has failed to prove that Mrs. Watson is at fault for the divorce pursuant to Mississippi Code Annotated § 93-5-1, and Mrs. Watson has not consented to an irreconcilable differences divorce. [1-3], ¶ 4; *see* Miss. Code Ann. § 93-5-2(5) (prohibiting an irreconcilable differences divorce "where there has been a contest or denial").

After the last divorce trial, the Madison County Chancery Court sua sponte asked the parties to address the constitutionality of the Mississippi irreconcilable differences statute, Miss. Code Ann. § 93-5-2. [4-6]. Mr. Watson then filed a Motion for Declaratory Judgment asking the Chancery Court to declare this statute

unconstitutional pursuant to the Due Process Clause of the Fourteenth Amendment. [4-7]. The Chancery Court denied Mr. Watson's motion because he did not properly plead the constitutional challenge and therefore could not raise it after trial. [4-12] at 3-4. The Chancery Court did, however, grant Mr. Watson a fault-based divorce based on constructive desertion. *Id.* at 8. Mrs. Watson appealed this decision, and the Mississippi Court of Appeals reversed. [4-14].

Mr. Watson then filed this divorce petition based solely on irreconcilable differences, this time specifically pleading that the Mississippi irreconcilable differences statute violates the Due Process Clause of the Fourteenth Amendment by requiring Mrs. Watson to consent. [1-3], ¶¶ 5-6. Mrs. Watson removed [1], and Mr. Watson moved to remand [4].

II.   Standard

A defendant may remove any civil action that arises under the United States Constitution from state to federal court. 28 U.S.C. §§ 1331, 1441(a). When exercising its federal question jurisdiction, the Court must find a federal question clearly appears on the face of plaintiff's well-pleaded complaint. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). The removing party has the burden of showing that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

Once a defendant removes an action from state to federal court, the plaintiff may move to remand. 28 U.S.C. § 1447(c). When evaluating a motion to remand, the

Court must strictly construe the removal statute and resolve "any doubt as to the propriety of removal" in favor of remand. *Gutierrez*, 543 F.3d at 251.

III. Analysis

Mr. Watson seeks to remand this action to state court for three reasons: (1) Mrs. Watson waived her right to seek removal; (2) the Court lacks jurisdiction over domestic relations; and (3) even if the Court has jurisdiction, it should abstain from exercising it under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Mot. to Remand [4] at 3. Mrs. Watson responds that she has not waived her right to seek removal; the domestic relations exception does not apply; and the Court should not exercise *Burford* abstention. Resp. [13] at 1-2.[1] The Court will address each argument in turn.

### A. Waiver of Right to Removal

Mr. Watson argues Mrs. Watson waived her right to remove because she previously participated in litigation over the same issue. Memo. in Supp. [5] at 2-3. Mrs. Watson responds that she has not waived her right to remove because Mr. Watson properly raised his constitutional challenge for the first time here; she has not defended this case in state court; and she timely removed this case. Resp. [13] at 7. The Court agrees.

Mr. Watson relies heavily on the fact that parties briefed the constitutional challenge in his previous divorce action. For removal purposes, however, this is irrelevant. The removal statute requires only that a defendant remove a civil action

---

[1] Defendant must file a memorandum brief in support of all future motions, responses, and replies as the Local Rules require. L.U.Civ.R. 7(b)(4).

from state to federal court within 30 days after service, *see 28* U.S.C. § 1446(b), and Mrs. Watson did so here. *See* [1-3] (Complaint for divorce filed December 3, 2020); [1] (Notice of Removal filed January 14, 2021). Mrs. Watson's failure to remove previous cases does not preclude her from removing this case.

Mr. Watson contends that *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) and *Schell v. Food Mach. Corp.*, 87 F.2d 385 (5th Cir. 1937) show Mrs. Watson cannot remove this case. Those cases do not apply here. In *Demco*, the Fifth Circuit remanded the case to state court despite the last-joined defendant timely removing because the other defendants had not timely removed and had defended the state court action for four years. 792 F.2d at 480-81. Similarly, in *Schell*, the Fifth Circuit remanded the case to state court because none of the original litigants timely removed but filed responsive pleadings in state court. 87 F.2d at 388-89. Here, Mrs. Watson is the only defendant, and she timely removed this newly filed divorce action. Unlike the defendants in *Demco* and *Schell* who submitted to state court jurisdiction by defending the action prior to removing, Mrs. Watson filed no pleadings in the state court action before removal. The Court therefore finds that Mrs. Watson has not waived her right to remove this case.

B. Domestic-Relations Exception

Mr. Watson also argues that the Court lacks jurisdiction over this action pursuant to the domestic relations exception, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see* [4], ¶ 4. Mrs. Watson contends this

exception does not apply to the Court's federal question jurisdiction. [13] at 7. The Fifth Circuit addressed this exact issue in *United States v. Bailey*, finding the domestic relations exception does not apply to a case that arises under federal question jurisdiction.[2] 115 F.3d 1222, 1231 (5th Cir. 1997); *see also Est. of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. 2009) ("[The domestic relations exception] has no application where, as here, there exists an independent basis for federal jurisdiction.").

"It has long been held that a suit 'arises under' the Constitution if a petitioner's claim 'will be sustained if the Constitution is given one construction and will be defeated if it is given another.'" *Powell v. McCormack*, 395 U.S. 486, 514 (1969) (quoting *Bell v. Hood*. 327 U.S. 678, 685 (1946)). Mr. Watson asks the Court to declare Mississippi's irreconcilable divorce statute unconstitutional and to grant him an irreconcilable differences divorce without his wife's consent. [1-3], ¶¶ 5, 6. To grant Mr. Watson's second request, the Court must first decide if the statute violates the U.S. Constitution. Given the success of Mr. Watson's divorce petition depends on the Court's construction of the Constitution, this challenge clearly arises

---

[2] Contrary to Mr. Watson's assertion, the Fifth Circuit's opinion in *Bailey* does not conflict with its decision in *Brown v. Hammonds*, 747 F.2d 320 (5th Cir. 1984). In *Hammonds*, the plaintiff alleged both federal and diversity jurisdiction and argued that the domestic relations exception applied. *Id.* at 321 n.1; 322. The court found plaintiff did not properly plead a federal question in his complaint but the domestic relations exception applied based on the court's diversity jurisdiction. *Id.* at 322 (dismissing the case based on the "judicially-created domestic relations exception, whereby federal courts decline to adjudicate such disputes even though the requirements for diversity jurisdiction are present"). Because the *Hammonds* court found it did not have federal question jurisdiction, this case is consistent with *Bailey*.

5

under the Constitution and the Court has federal question jurisdiction. *See Powell*, 395 U.S. at 514; 28 U.S.C. § 1332.

Because the Court has federal question jurisdiction, the domestic relations exception does not apply. *See Bailey*, 115 F.3d at 1231. Only after the Court resolves the constitutional challenge will it turn to substantive matter of divorce, at which point the Court will remand the divorce proceeding to state court. *See United States v. Windsor*, 570 U.S. 744, 767 (2013) ("[T]he federal courts, as a general rule, do not adjudicate issues of marital status even when there might otherwise be a basis for federal jurisdiction."); 28 U.S.C. § 1367(c)(1) (allowing a federal court to decline to exercise supplemental jurisdiction over complex state law issues).

In sum, the domestic relations exception does not bar this Court from deciding if the Mississippi statute is constitutional as that determination does not require the Court to issue a divorce decree.

    C.  *Burford* Abstention

Alternatively, Mr. Watson asks this Court to abstain from exercising jurisdiction pursuant to *Burford*, 319 U.S. at 315. Mrs. Watson contends *Burford* abstention is not appropriate here because the Court need not decide any complex state law divorce matters before reaching the constitutional challenge. [13] at 11-12. Mr. Watson responds that this case necessarily involves a complex state law matter because the Court would need to consider Mississippi's interest in enacting the statute and whether the statute properly furthers that interest. Memo. in Supp. of Reply [15], ¶ 15.

6

Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction except in rare circumstances. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). When a case involves matters "which may be prejudicial to the public interest," a federal court may decline jurisdiction. *Burford*, 319 U.S. at 317-18. But "*Burford* abstention is an 'extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it.'" *Stratta v. Roe*, 961 F.3d 340, 356 (5th Cir. 2020) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996)).

When determining whether *Burford* abstention is appropriate, the Fifth Circuit considers these five factors:

> (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review.

*Aransas Project v. Shaw*, 775 F.3d 641, 649 (5th Cir. 2014) (quoting *Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 314 (5th Cir. 1993)). *Burford* abstention is "the exception, not the rule," *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989), and is "disfavored as an abdication of federal jurisdiction." *Shaw*, 775 F.3d at 653.

1. Arising Under Federal or State Law

Mr. Watson contends this case arises under state law because "[t]he necessary result of an adjudication of the constitutional claim in this case will be the issuance or denial of a divorce [under state law]." [15], ¶ 16. Mrs. Watson

7

responds that this case arises under federal law because the Court must first address the constitutional challenge. [13] at 12. As discussed, this case arises under the Due Process Clause of the U.S. Constitution, and the Court need not address the merits of divorce even if it decides the statute's constitutionality. *See supra,* Section III.B. This factor therefore weighs against abstention.

2. Unsettled Issues of State Law or Local Facts

Mr. Watson argues that the constitutionality of Mississippi's irreconcilable divorce statute is an unsettled matter of state law, pointing to a single case when a chancellor declared the statute unconstitutional. [5], ¶ 23. As both Mr. and Mrs. Watson point out, though, the Mississippi Supreme Court overturned this ruling. [5], ¶ 23; [13] at 12-13; *see also* [4-14]. An unsettled question of state law does not exist just because the cause of action arises under state law. Rather, it exists when "the plaintiff's claim may be in any way entangled in a skein of state law that must be untangled before the federal case can proceed." *Shaw*, 775 F.3d at 649 (citation omitted). Only if the Court must determine that a state has misapplied its lawful authority or failed to properly weigh relevant state factors in a complex administrative process will this factor favor abstention. *New Orleans Pub. Serv., Inc.*, 491 U.S. at 362.

None of these factors exist here. Deciding the constitutionality of Mississippi's irreconcilable divorce statute does not require the Court to address or "untangle" any questions of state law because Mr. Watson challenges the statute on its face. *See* [1-3], ¶ 5 (challenging the statute "to the extent it requires mutual

8

consent to obtain a divorce on the ground of irreconcilable differences"). The *Burford* Court, by contrast, faced an as-applied challenge requiring the Court to evaluate the constitutionality of the Texas Railroad Commission's decision to permit oil drilling for one company but not another under state law. *Burford*, 319 U.S. at 332; *see also Sierra Club v. City of San Antonio*, 112 F.3d 789, 798 (5th Cir. 1997) (using *Burford* abstention when parties asked the court to find a state administrative agency created to manage the use of a local aquifer violated the Endangered Species Act). Because this Court need not re-evaluate any state administrative agency's actions under state law, this factor also weighs against abstention.

      3.  Importance of State Interest

Parties agree that domestic relations matters are areas of state interest. But Mrs. Watson insists this case also presents an important federal interest because it arises under the U.S. Constitution. [5], ¶ 23; [13] at 13. States indeed have an important interest in preventing the dissolution of marriage. *See Windsor*, 570 U.S. at 766 (quoting *Sosna v. Iowa*, 419 U.S. 393, 404 (1975)) ("Regulation of domestic relations' is 'an area that has long been regarded as a virtually exclusive province of the States.'"). "Even powerful state interests," however, "will not always justify abstention." *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, --- F.3d ---, 2021 WL 716626, at *10 (5th Cir. 2021). Rather, the weight of this factor depends on whether the federal court's involvement will disrupt a complex state administrative process, which the Court addresses under the next factor of the *Burford* abstention test. *Id*.

### 4. Importance of Consistent State Policy

Mr. Watson argues this factor weighs in his favor because Mississippi needs a coherent policy in domestic relations matters and a future state court opinion could conflict with this Court's decision. [5], ¶ 23. Mrs. Watson sees no danger of this Court's opinion conflicting with the Mississippi court's application of divorce law. [13] at 13. The Court need not worry if its opinion could conflict with a future state court decision, as "it is the duty of a federal court to decide [a] federal question" when the challenged statute "is not fairly subject to an interpretation which will avoid or modify the federal constitutional question." *Zwickler v. Koota*, 389 U.S. 241, 251 (1967) (quoting *United States v. Livingston, D.C.*, 179 F. Supp. 9, 12-13 (E.D.S.C. 1959). This is the case even if a state court has "never interpreted" the statute. *Id.*

A federal court is in danger of unduly disrupting the consistency of state policy when a case involves "a comprehensive scheme governing a matter of vital state interest, and one where uniform application of rules [is] important." *Sierra Club*, 112 F.3d at 796. *See, e.g., Burford*, 319 U.S. at 332 (challenging the decision of the Texas Railroad Commission to allow oil drilling for one company but not another under state law). Here, by contrast, there is no complex regulatory scheme or state regulatory agency decision for the Court to evaluate. Rather, this case only requires the Court to determine whether a statute violates the Due Process Clause of the U.S. Constitution, a duty that falls within the province of federal courts. *Zwickler*, 389 U.S. at 251. This factor therefore weighs against abstention.

10

> 5. Existence of a Special State Forum

Mr. Watson argues Mississippi chancery courts constitute a special state forum because they "have experience and expertise in state divorce law that federal courts lack." [5], ¶ 23. Mrs. Watson responds that "this factor has to do with whether there are special fora or procedures for judicial review in the state that make abstention appropriate." [13] at 13-14. Mrs. Watson is correct. This factor does not turn on whether state courts have more experience to hear a matter but on whether the state has established a specialized administrative body to interpret and apply state laws and regulations. *See, e.g.*, *Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 316 (5th Cir. 1993). As Mississippi state courts conduct divorce cases "as other suits in chancery," there is no special state forum for judicial review. Miss. Code Ann. § 93-5-7. *But see Est. of Merkel*, 354 F. App'x at 95 (weighing in favor of abstention when the state had established specialized family courts to resolve domestic issues). This factor also weighs against abstention. For these reasons, the Court will not exercise *Burford* abstention.

Because the Court finds Mrs. Watson has not waived her right to remand; the domestic relations exception does not apply; and *Burford* abstention is not appropriate; the Court denies Mr. Watson's Motion to Remand [4].

IV. Conclusion

This Court has considered all arguments. Those it does not address in this Order would not have changed the outcome of its decision. For the reasons stated, this Court DENIES Mr. Watson's Motion to Remand [4].

SO ORDERED AND ADJUDGED this the 5th day of April, 2021.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE